### ADAM ANGEL et ux.

*v.*

### THE PENNSYLVANIA RAILROAD COMPANY.

A bill was filed to prevent the continuance of an alleged nuisance by a railroad company, which consists in drilling cars and allowing cars loaded with cattle to stand for an unreasonable time on defendant's tracks in a public street whereon complainant's dwelling is located. The defendant's answer denies the commission of the nuisance, and sets out defendant's rights and privileges in occupying the street.—*Held*, that that statement of rights and privileges would not be struck out as immaterial, but that an averment in the answer that complainant's house was built after defendant's tracks had been laid in that street, was objectionable and would be struck out.

---

Bill for relief. On motion to strike out part of answer.

*Mr. J. J. Crandall,* for the motion.

*Mr. P. V. Voorhees, contra.*

THE CHANCELLOR.

The bill is filed to prevent the continuance of an alleged nuisance which the complainants state the defendants have committed and still continue on the street (Bridge avenue) in Camden, on which Mrs. Angel's house, in which the complainants dwell, is situated. The nuisance complained of is drilling cars, leaving cars loaded with cattle standing there near that house for long periods of time &c., &c. The defendant, in its answer, denies that it has done or permitted the things of which complaint is made. In a previous part of the answer it sets out its title to the rights and privileges to which it makes claim on the street, and in that connection sets out in a general way its title to the franchises which it exercises and which it holds under lease. The complainants object to that part of the answer on the ground that it is wholly immaterial to the subject of controversy. But the bill, while it states that the defendant uses part of the street for exit and entrance to its yards, depots and offices on the east bank of the Delaware river in Camden, and for that purpose has laid and uses three tracks in the middle of the street, expressly avers that the defendant has no right whatever to use the street for the purpose of making up trains, shifting cars or other like purposes incident to the business of the railroad company, eastward of the intersection of the street with Second street, and especially in front of Mrs. Angel's house, but only for exit and entrance—for way purposes alone. The answer also (by its fourth section) states that the house of Mrs. Angel and the other houses on the south side of Bridge avenue between Second and Third streets (or nearly all of them) were built there after the railroad tracks were laid in the street.

The defendant's statement of its title to the occupation which it has of the street with its tracks is not objectionable. Nor is it made with such prolixity or unnecessary particularity as to make it objectionable on that account alone. The statements or

admissions of the bill on the subject of the defendant's rights are not such as to render it unnecessary for the defendant to assert and specify in the answer the character, incidents and history of its right to have and maintain and operate its railroad on the street. That part of the answer will be permitted to stand.

The fourth section will be struck out. The bill alleges that the nuisance is, not from the proper, but from the improper, use of the railroad tracks and the improper management of the road at that place. It is of no importance whether the tracks were there and in use when Mrs. Angel's house was built or not.

There will be no costs of this motion allowed to either side.